■ PHYLLIS SAGNELLI, Respondent, v R.P.I. 6 HARRISON STREET, LIMITED PARTNERSHIP, et al., Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.) entered August 20, 1991, which, *inter alia,* denied defendant Universal Pictures, Inc.'s motion pursuant to CPLR 3212 for summary judgment dismissing plaintiff's complaint and denied, with leave to renew, the cross-motion of defendant R.P.I. 6 Harrison Street, Limited pursuant to CPLR 3212 for summary judgment dismissing the complaint, unanimously modified, on the law, the cross-motion for summary judgment is granted and the complaint is dismissed as to defendant-appellant, R.P.I. 6 Harrison Street, Limited and the order is otherwise affirmed, without costs. The clerk is directed to enter judgment in favor of defendant R.P.I. 6 Harrison Street, Limited, severing and dismissing plaintiff's complaint as against it.

Plaintiff, a "free-lance hair stylist" alleged that she was seriously injured while working on the set of the movie *"Legal Eagles"* on December 11, 1985. According to the plaintiff, she tripped over a cable and fell down the steps of a prop located on one of the sets. The movie was being produced by defendant Universal Pictures, Inc. The premises, where the film production was being conducted when the incident occurred, were owned by R.P.I. 6 Harrison Street, Limited (R.P.I.) and were leased to Universal Pictures, Inc. for the period commencing November 4, 1985 and ending January 1, 1986, pursuant to a written lease apparently prepared by Universal Pictures, Inc..

Pursuant to the lease Universal would have the "exclusive right * * * to enter upon and to utilize" the "premises located at 6 Harrison Street, second and third floors, ground floor (store), entry and stairs, New York, New York, including the grounds at said address and all buildings and other structures located thereon". The lease agreement provided that R.P.I. could conduct its usual operations on the premises and could have personnel present to observe the lessee's operations. The record reflects that R.P.I.'s general partner visited the premises for brief periods twice a week and that R.P.I. employed a building superintendent who would frequently stop by the building to check on its general condition.

While R.P.I. retained the right to enter and conduct its

usual operations, and did have personnel monitoring the general workings and general conditions of the building in which the leased premises were located, it is clear that R.P.I. had no control or authority over the lessee's day to day operations such as the placement of cables or the layout of props and sets. This is not a case involving structural defects or conditions at the premises with respect to which the owner could reasonably be charged with actual or constructive notice based on its reservation of a right to enter the premises (cf., *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559).

We agree with the IAS court's conclusion that an issue of fact exists as to plaintiff's employment status. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.

**31** In the Matter of J. NICHOLAS TLAGA, an Attorney.—Motion to modify this Court's order entered on June 1, 1992 [184 AD2d 201] and for other related relief denied in all respects. Concur—Murphy, P. J., Milonas, Kupferman, Smith and Rubin, JJ.